## No. 1711.—John T. Harris *v.* S. L. Nasits & Brother.

In the sale of tobacco or other merchandise the *lex loci contractus* governs; therefore a contract of sale of a lot of tobacco in New York to a merchant residing in New Orleans, will be construed with reference to the laws and customs of that place which govern and regulate such transactions.

It being shown to be the custom in New York among tobacco merchants, to close a transaction of the sale of a lot of tabacco at once and without reclamation, and it being shown in this case that that custom was observed, and that the purchaser examined the tobacco itself before purchasing, and having given his written acceptance in payment thereof, he could not be allowed thereafter to resist the payment of the draft given on the ground that the tobacco was unsound and worthless.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. Bradford, Lea & Finney*, for plaintiff and appellee. *J. S. Whitaker & Rice*, for defendants and appellants.

Taliaferro, J. This suit is brought on a draft drawn by the plaintiff on the defendants and by them accepted for $1334 14. The defense is failure of consideration. Defendants aver that the draft was accepted for the purpose of paying for a lot of tobacco purchased by one of the firm, but the tobacco when opened was found to be in a bad condition, being funky, moldy and unsound. For the reason that the quality of the article proved not to be equal to that shown by samples, when the purchase was made, the defendants allege that they promptly notified the seller to take the article back, as it was of no value to them, and that they should not pay for it. Judgment was rendered in favor of the plaintiff, and the defendants have appealed.

The sale took place in New York. It is in proof that one of the defendants examined the quality of the tobacco which was in boxes. There were in the whole lot ninety boxes. Half the lot was purchased. Samples were first shown to Nasits and another tobacco merchant of New Orleans. They with the plaintiff's salesman then went to a room in an upper story of the building and at the instance of the buyers several boxes were opened and the quality proved satisfactory. The salesman testifies that Nasits was distinctly informed that if he desired to examine the tobacco any further he could do so; that if he purchased, the transaction was to be at once closed and that no reclamation would be allowed; that the tobacco was not sold by samples but upon the personal inspection of the buyer; that he

could have had every box opened if he desired it, but that he did not require any further examination. This witness said under cross examination that the tobacco did not belong to his employer but to another person for whom the plaintiff had agreed to sell it; that he knew the lot was not strictly sound, but as it did not belong to Mr. Harris he did not feel at liberty to make any statements concerning it, and therefore sold the lot as it was, the purchaser to make his own examination. It was fully established to be the usage or custom in New York for the purchaser to pass definitely on tobacco before delivery; that if sold by samples he comes and examines as much of the tobacco or as many boxes as he desires, and then decides finally upon the trade. After delivery no drawback or reclamation on account of defects or deficiencies in quality are allowed. The *lex loci contractus* governs in the decision of this case and not the provisions of our code. It is fully established that one of the defendants, the partner who made the purchase was informed at the time of purchasing, of this usage or custom in New York, and bought under the conditions it imposes.

We think the judgment was properly rendered.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.

Rehearing refused